UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARSHA A. SPRINGER,

                    Petitioner,               Case No. 1:15-cv-1070

v.                                           Honorable Robert J. Jonker

MILLICENT WARREN,

                    Respondent.

_____/


## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.    Factual allegations

Petitioner Marsha Springer presently is incarcerated at the Women's Huron Valley Correctional Facility.  Following a joint jury trial against Petitioner and her husband, Petitioner was convicted of torture, MICH. COMP. LAWS § 750.85, and first-degree child abuse, MICH. COMP. LAWS § 750.136b(2).  On April 16, 2010, the St. Joseph County Circuit Court sentenced Petitioner to respective prison terms of 225 months to 50 years and 95 months to 15 years.

Petitioner appealed her convictions to the Michigan Court of Appeals, raising the following three claims:  (1) she was denied due process by the admission of an autopsy photograph; (2) she was denied due process and the right to present a defense by the exclusion of an email message authored by the prosecutor's testifying expert and by refusing to allow defense witnesses to impeach the expert's testimony; and (3) she was denied due process when the trial court allowed the jurors to ask witnesses over 200 questions during trial and to discuss the evidence during trial. In an unpublished opinion issued on September 13, 2012, the court of appeals rejected all appellate issues and affirmed the convictions.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same three issues.  The supreme court denied leave to appeal on March 20, 2013.

On January 29, 2014, Petitioner filed a motion for relief from judgment in the trial court.  In her motion, Petitioner raised three issues:  (1) ineffective assistance of counsel in failing to seek a hearing on the defense of entrapment by estoppel because Petitioner was following instructions from the state, restraining her child at night in order to protect her, and ineffective assistance of appellate counsel in failing to raise the claim; (2) denial of due process in allowing

juror predeliberation and ineffective assistance of trial and appellate counsel in fialing to raise the claim; and (3) ineffective assistance of counsel in stipulating to the admission of the preliminary examination testimony of a witness.  In an order issued on July 24, 2014, the trial court denied the motion under Mich. Ct. R. 6.508(D)(2), holding that the issues had already been denied by the court of appeals on direct appeal.

Petitioner sought leave to appeal to the Michigan Court of Appeals, which denied leave to appeal on November 19, 2014, again citing MICH. CT. R. 6.508(D)(2).  Petitioner then sought leave to appeal to the Michigan Supreme Court.  In an order issued on September 30, 2015, the supreme court vacated in part the order of the St. Joseph County Circuit Court, holding that the argument of entrapment by estoppel was not addressed in either the circuit court or the court of appeals during Petitioner's appeal of right.  The supreme court therefore remanded the case to the trial court to hold a hearing on Petitioner's claim of ineffective assistance of counsel pertaining to the issue of entrapment by estoppel.  The court also ordered that counsel be appointed, if the trial court determined that Petitioner was indigent.  (*See* App'x F to Mem. in Supp. of Pet., ECF No. 2-1, PageID.141-42.)

Petitioner filed her habeas petition on October 13, 2015.[1]  She raises all of the grounds presented on direct and collateral review.

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner avers that she placed the petition in the prison mailing system on October 13, 2015, and it was received by this Court on October 16, 2015.  The Court has given Petitioner the benefit of the earliest possible filing date.

842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  As previously discussed, Petitioner alleges that she raised all of the grounds presented in her petition on either direct or collateral review.  However, in light of the Michigan Supreme Court's September 30, 2015 order of remand, Petitioner has not yet fully exhausted the claim of entrapment by estoppel.  Instead, the trial court must hold an evidentiary hearing on the effectiveness of counsel in failing to raise the claim of entrapment by estoppel.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  She

-4-

must proceed on the evidentiary hearing in the trial court and, if unsatisfied with the result, appeal the issue to both the Michigan Court of Appeals and the Michigan Supreme Court.

Because Petitioner has some claims that are exhausted and some that are not, her petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed her conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied her application on March 20, 2013. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which she could have sought review in the United States Supreme Court is

counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 19, 2013. Accordingly, absent tolling, Petitioner would have had one year, or until June 19, 2014**,** in which to file her habeas petition.

As discussed, however, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed her motion for relief from judgment on January 29, 2014, thereby tolling the statute of limitations when she had 142 days remaining in her period of limitations.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2] Petitioner has more than sixty days remaining in her limitations period. Assuming that Petitioner diligently pursues her state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, she is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue her unexhausted claims in the

---

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

state courts, she may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

**Conclusion**

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.[3]

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

---

[3]Petitioner also filed a motion seeking an evidentiary hearing (ECF No. 3). In light of the Court's disposition of the petition, the motion for evidentiary hearing is moot.

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


           /s/Robert J. Jonker
               Robert J. Jonker
          Chief United States District Judge

Dated:  November 4, 2015